[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10550

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HENRY SIRNARD RUSSELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:22-cr-00139-AMM-GMB-1

_____

2                        Opinion of the Court                        23-10550

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Henry Russell appeals his 155 month sentence for Hobbs Act robbery, brandishing a firearm during the robbery, and being a felon in possession of a firearm.  Russell argues that the district court abused its discretion and imposed a substantively unreasonable sentence by considering an improper factor—the absence of a plea agreement.  Finding no abuse of discretion, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Russell robbed a convenience store in Hoover, Alabama while armed with a handgun.  A grand jury indicted him on three counts:  count one for Hobbs Act robbery, count two for brandishing a firearm during the robbery, and count three for being a felon in possession of a firearm.

Russell initially pleaded guilty to counts one and three in a binding plea agreement.  As part of the binding plea, Russell and the government agreed to a 240 month sentence and the government would drop count two.  But Russell withdrew from that plea agreement—with the district court's permission and without objection from the government—after the probation office determined that he was not eligible for an enhanced sentence under the Armed Career Criminal Act.  He then pleaded guilty to all three counts without a plea agreement.

Russell's presentence investigation report grouped counts one and three together, calculating a guideline range of 57 to 71 months for those two counts. The report separately calculated Russell's guideline range for count two based on that offense's statutorily mandated guideline range as between seven years (i.e., 84 months) and a life sentence. The report also recounted Russell's criminal history, including a 1997 robbery conviction (during which he was armed with a pistol); a 1998 robbery conviction (during which he was armed with a pistol); and a 2015 domestic violence assault conviction (during which he attacked a pregnant woman he had a relationship with—burning her with a curling iron, choking her, pushing her head into a toilet, holding a gun and threatening to kill her, and ultimately pointing the gun at her face). Russell filed no objections to the report.

At the sentence hearing, Russell accepted responsibility for his actions but argued he was a changed man. Russell asked the district court for "one more chance" and sought a sentence towards the bottom of the guideline range. The government sought a high-end sentence of 71 months for counts one and three (grouped together) and another 84 months for count two to be served consecutively—for a total 155 month sentence. The government pointed to Russell's serious criminal history, arguing his status as "a violent individual . . . who has no problem with taking what he believes is his" supported the high-end sentence.

The district court agreed with the government and sentenced Russell to 71 months' imprisonment for counts one and

three (served concurrently) and 84 months' imprisonment for count two (served consecutively)—for a total sentence of 155 months' imprisonment plus three years of supervised release. The district court explained that it found this "sentence is sufficient but not greater than necessary to comply with the statutory purposes of sentencing and that it's reasonable when considering all of the sentencing factors found in 18 U.S.C. section 3553(a), particularly, the deterrence factor and excepting the restitution factor."

The district court then asked, "Are there any objections?" Russell's counsel replied, "Not an objection, Your Honor, to the sentencing, just a request for reconsideration of the guideline total. Rather than the 71, plus 84, just a reconsideration of the 71 months." The district court responded, "Oh, thank you. Understood. That is denied. I think this kind of crime on top of this kind of criminal history is just not eligible for a low-end sentence absent a plea agreement to that effect." Russell's counsel replied, "Yes, ma'am," and the government indicated it had no objection. Russell now appeals his sentence.

## DISCUSSION

Russell argues the district court abused its discretion and imposed a substantively unreasonable sentence because the district court considered an impermissible factor—the absence of any plea agreement. We review a sentence's substantive reasonableness for

23-10550                Opinion of the Court                5

abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).[1]
The party challenging the sentence bears the burden of showing its
unreasonableness.  *United States v. Rosales-Bruno*, 789 F.3d 1249,
1256 (11th Cir. 2015) (citation omitted).  "A district court abuses its
considerable discretion and imposes a substantively unreasonable
sentence only when it '(1) fails to afford consideration to relevant
factors that were due significant weight, (2) gives significant weight
to an improper or irrelevant factor, or (3) commits a clear error of
judgment in considering the proper factors.'"  *Id.* (quoting *United
States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010)).

Our inquiry concerns the second of those categories because
Russell contends the district court considered an improper factor
when it mentioned the absence of a plea agreement.  But the dis-
trict court only referenced this factor—in passing—*after* it sen-
tenced Russell, and only when asked to reconsider the 71 month
sentence as to counts one and three—not when fashioning the sen-
tence after "considering all of the sentencing factors found in
18 U.S.C. section 3553(a), particularly, the deterrence factor."  Ab-
sent some good reason, we take the district court at its word that it
only considered "the sentencing factors found in" section 3553(a)
in sentencing Russell.  *Cf. United States v. Schwarzbaum*, 24 F.4th
1355, 1364 (11th Cir. 2022) (explaining that "[w]e take the district

---

[1] The parties dispute whether abuse of discretion or plain error review applies,
but because Russell's challenge fails under either standard of review we as-
sume Russell preserved his objection and review the substantive reasonable-
ness of his sentence for an abuse of discretion.

court at its word" when it rejected an argument that it had merely reinstated an original IRS penalty assessment); *accord United States v. Curtin*, 78 F.4th 1299, 1313 (11th Cir. 2023) (citing *Schwarzbaum* in a substantive unreasonableness case where the district court described what it did in fashioning the challenged sentence). So it's not clear that the district court assigned any weight—let alone *significant* weight—to the absence of a plea agreement.

But "[w]e needn't decide here whether the judge considered an impermissible factor because any error was harmless." *Curtin*, 78 F.4th at 1313 (citations omitted). That's because the "district court's consideration of an impermissible factor at sentencing is harmless if the record as a whole shows the error did not substantially affect the district court's selection of the sentence imposed." *Id.* (citation omitted).

Here, we think the record as a whole shows that the district court's passing reference to the absence of a plea agreement didn't substantially affect its selection of Russell's sentence. *Cf. id.* at 1314 (holding that, even if reference to one's own religious experience is an improper factor, "the district judge's reference to his own religious experience . . . didn't substantially affect his selection of [the] sentence" (cleaned up)). The district court "expressly considered [an]other factor[] when making [the] sentencing decision"—the deterrence factor—in light of Russell's criminal history and the type of crime he committed. *See id.* at 1313. The district court sentenced Russell "particularly" because of that "deterrence factor" and it "consider[ed] all of the sentencing factors" when doing so.

Russell argues consideration of the absence of a plea agreement was not harmless because that consideration "cannot be subtracted to divine what an error-free sentence would have been," and therefore, we cannot know if the sentence would have been "the same" without this consideration. It is true that the district court concluded "this kind of crime" and "this kind of criminal history" made Russell "just not eligible for a low-end sentence absent a plea agreement to that effect." But this reference does not show a plea agreement's absence substantially affected the sentence selection. The "kind of crime" and "kind of criminal history" that led the district court to "particularly" consider the deterrence factor provided "significant justification[]" for the sentence—"especially given the deference we give district courts in sentencing matters." *See id.* at 1314. At most, "even if the district judge's reference to" the absence of a plea agreement "was improper, it didn't substantially affect [the] selection of [Russell's] sentence—and, therefore, was harmless." *Id.* (cleaned up).

**AFFIRMED**.